IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI LEECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF DEMANDS |
| v. | ) | TRIAL BY JURY |
| | ) | |
| MAINE TOWNSHIP SCHOOL DISTRICT 207, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

PLAINTIFF, HEIDI LEECH, through her attorneys, Richard J. Gonzalez and Jaz Park, Law Offices, Chicago-Kent College of Law, complains against DEFENDANT, MAINE TOWNSHIP SCHOOL DISTRICT 207 as follows:

### NATURE OF THE ACTION

1. This is an action for damages related to PLAINTIFF's employment with MAINE TOWNSHIP SCHOOL DISTRICT 207 to redress DEFENDANT's violation of PLAINTIFF's rights guaranteed by the Americans With Disabilities Act, 42 U.S.C. § 12101 *et. seq.* ("ADA") and by Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000 ( e) *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to (a) 28 U.S.C. § 1331, because this case arises under the Constitution and laws of the United States; and (b) the provisions of the ADA and of Title VII.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the parties reside herein, and a substantial part of the events giving rise to this complaint occurred herein.

4. PLAINTIFF has met all administrative prerequisites to suit in that she timely filed charges of discrimination against Defendant with the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") and brings this action within the limitations periods of 29 U.S.C. § 2617(c)(1) and 42 U.S.C. § 2000(e) *et. seq.*

## PARTIES

5. PLAINTIFF began working for DEFENDANT on or about September of 1987 as a mathematics teacher. PLAINTIFF was suspended on November 15, 2017 and terminated on July 9, 2018.

6. DEFENDANT is a school district located within the state of Illinois at 1177 South Dee Road in Park Ridge, Illinois. DEFENDANT is an "employer" within the definition of the FMLA and a "covered entity" within the definition of the ADA.

## FACTS

7. PLAINTIFF suffers from depression, anxiety, fibromyalgia, carpal tunnel, osteoarthritis, and chronic diarrhea, all of which are all recognized and covered disabilities pursuant to § 12101 of the ADA.

8. Throughout her employment with DEFENDANT, PLAINTIFF has consistently met DEFENDANT's legitimate performance expectations.

9. DEFENDANT at all relevant times had knowledge of PLAINTIFF's medical conditions.

10. In 1989, 2005, and 2013, PLAINTIFF complained to managerial agents DEFENDANT of sexual harassment and discrimination and/or sexual orientation discrimination.

11. Following PLAINTIFF's complaints against DEFENDANT, PLAINTIFF has experienced a pattern of workplace hostility and harsh treatment.

12. PLAINTIFF has suffered a worsening in her depression and anxiety condition and her physical health as the result of the adverse treatment from DEFENDANT.

13. On or about November 15, 2017, DEFENDANT indefinitely suspended PLAINTIFF, but provided no documentation which specified the reason for PLAINTIFF's suspension.

14. On July 9, 2018, DEFENDANT terminated PLAINTIFF for missing more than 90 consecutive work days.

15. DEFENDANT was under a duty to reasonably accommodate PLAINTIFF's disabilities.

16. Other employees who were absent from work as frequently as PLAINTIFF were not terminated by DEFENDANT.

## COUNT I

Failure to Reasonably Accommodate and Unlawful Termination Based on Disability in Violation of the ADA

17. PLAINTIFF is within a protected category under the Section 12102 (1) of the ADA in that she suffers from depression disorder, anxiety disorder, fibromyalgia, carpal tunnel, osteoarthritis, and chronic diarrhea.

18. The ADA provides that it is unlawful to fail to accommodate a qualified individual with a disability or to terminate an employee because of her disability.

19. In failing to accommodate PLAINTIFF and in terminating PLAINTIFF's employment because of her disability, DEFENDANT treated PLAINTIFF differently and less favorably than it treated similarly-situated persons.

20. PLAINTIFF performed her job at a level that met DEFENDANT's legitimate performance expectations.

21. DEFENDANT's conduct was the first and proximate cause of PLAINTIFF incurring substantial damages including, but not limited to, loss of employment, lost wages, lost benefits, and severe emotional distress.

22. DEFENDANT breached its duty to conduct and implement its personnel decisions in a non-discriminatory manner without regard to disabilities when it terminated PLAINTIFF because of her disabilities and failed to make an effort to provide her with reasonable accommodations, in violation of the ADA.

23. In discriminating against PLAINTIFF, DEFENDANT acted willfully and/or with reckless indifference to PLAINTIFF's federally protected rights.

## DAMAGES

WHEREFORE, PLAINTIFF requests that this Court:

A. Enter judgment in her favor and against DEFENDANT for violation of her rights guaranteed under the ADA;

B. Award PLAINTIFF the value of her lost wages, lost benefits, and other monetary losses caused by DEFENDANT's unlawful termination of her employment;

C. Award PLAINTIFF compensation and punitive damages at the statutory maximum;

D. Order PLAINTIFF to be reinstated to her previous or a comparable position;

E. Award PLAINTIFF reasonable attorney's fees and costs in bringing this action; and

F. Grant such other and further relief as this Court deems equitable and just.

## COUNT II

Unlawful Retaliation Under Title VII Against Defendant

24. PLAINTIFF repeats and realleges paragraphs 1-20 herein and incorporates same by reference as through fully set out herein.

4

25. DEFENDANT intentionally subjected PLAINTIFF to unequal and discriminatory treatment by retaliating against her for complaining throughout her time of employment about sexual harassment and sexual orientation discrimination.

26. After bringing the complaints to DEFENDANT, PLAINTIFF experienced adverse and hostile treatment from DEFENDANT.

27. Due to the pattern of hostility created by DEFENDANT toward PLAINTIFF, PLAINTIFF has experienced a worsening of several mental and physical health conditions.

28. PLAINTIFF's termination occurred under circumstances that raise a reasonable interference of unlawful discrimination and DEFENDANT's proffered reasons for terminating PLAINTIFF were pretextual.

29. In discriminating against PLAINTIFF, DEFENDANT acted willfully and/or with reckless indifference to PLAINTIFF's federally protected rights.

## DAMAGES

As a proximate result of the foregoing facts, PLAINTIFF has been subjected to unlawful retaliation, and suffered incidental damages, pain, and suffering in the form of emotional distress, humiliation, degradation, inconvenience, and has caused her to retain an attorney to protect her legal rights.

WHEREFORE, PLAINTIFF requests that this Court:

A. Enter judgment finding that DEFENDANT unlawfully retaliated against PLAINTIFF in violation of Title VII, and enjoin DEFENDANT from further conduct;

B. Award PLAINTIFF the value of her lost wages, lost benefits, and other monetary losses caused by DEFENDANT's discriminatory acts and practices.

C. Order PLAINTIFF to be reinstated to her previous or a comparable position;

D. Award PLAINTIFF compensatory and punitive damages at the maximum limit allowable by Title VII;

E. Award PLAINTIFF reasonable attorney's fees and costs in bringing this action; and

F. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS OF THIS COMPLAINT.**

Respectfully submitted,

*/s/ Richard J. Gonzalez*

_____
Richard J. Gonzalez

RICHARD J. GONZALEZ
Chicago-Kent Law Offices
565 West Adams Street
Suite 600
Chicago, Illinois 60661-3691
(312) 906-5079
rgonzale@kentlaw.iit.edu

JAZ PARK
Law Offices at Chicago-Kent College of Law
565 West Adams Street, Suite 600
Chicago, Illinois 60661
Tel: (872) 588-0440
Fax: (312) 906-5299
jaz.park@kentlaw.edu