IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HEIDI LEECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CV 1826 |
| | ) | |
| MAINE TOWNSHIP SCHOOL DISTRICT 207, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons below, defendant Maine Township School District 207's motion to partially dismiss the second amended complaint [47] is granted. The plaintiff's disability-based claim is dismissed with prejudice.

## STATEMENT

Plaintiff Heidi Leech filed this action on March 15, 2019, alleging that Maine Township School District 207 (the "District") discriminated against her on the basis of her disabilities, failed to accommodate her disabilities, and retaliated against her for engaging in activity protected by Title VII. In its September 10, 2021 Order, ECF No. 37, the Court granted in part and denied in part the District's earlier motion to dismiss her first amended complaint ("FAC") for failure to state a claim.

In that ruling, the Court held that Leech failed to adequately plead her failure-to-accommodate disability claim because she did not allege that she was an otherwise qualified individual under the ADA. 9/10/2021 Order at 5. Further, the Court found that she had not adequately alleged that she requested an accommodation or that the District refused to engage in an interactive process to find a reasonable accommodation. Order at 3-4. Leech's gender and sexual-orientation-based retaliation claims pursuant to Title VII survived, and she had leave to amend to cure the deficiencies in her failure-to-accommodate and disability discrimination claims that she is pursuing under the ADA. Leech filed a second amended complaint ("SAC") shortly thereafter. ECF. No. 38.

Like the FAC, the SAC alleges that Leech worked as a math teacher for the District from September 1987 until July 2018. SAC ¶ 5. She suffered from several disabilities during this time: anxiety, fibromyalgia, carpal tunnel, osteoarthritis, and chronic diarrhea. SAC ¶ 7. The District knew all of this by 2008 when Leech informed Principal Audrey Haugan about her disabilities and her physician followed up with a letter documenting those conditions. SAC ¶ 9. Throughout Leech's tenure, she heard disparaging comments about disabilities or knew such comments had been made. For instance, though the context for the remark is unclear, in 2008, she heard the Assistant Superintendent refer to anti-depression medication as "happy pills." SAC ¶ 9. Principal

Haugan, during the 2012-13 academic year, told Leech's colleague who suffered from depression he would be fired if he took another leave of absence. SAC ¶ 27. As for disciplinary history, Leech was suspended without explanation in 2017. SAC ¶ 16. Then, in July 2018, the District fired Leech for missing more than 90 consecutive workdays in violation of District policy. SAC ¶ 17.

Leech's SAC also added some new allegations aimed at curing the defects in her FAC identified by the Court.[1] ECF No. 38. In the SAC, Leech adds that she requested a back-up assistance plan in 2017 to enable her to take emergency washroom breaks. ¶ 22. Leech also now alleges that she requested use of her accumulated sick days to cover her absence when the District terminated her employment for missing 90 consecutive days of work. ¶ 24. Lastly, she has added to her complaint that the District retaliated against her for reporting her disabilities and requesting certain accommodations. ¶¶ 33-34.

In response, the District filed the present motion to dismiss, arguing that Leech failed to cure the issues with her disability-related claim. ECF No. 47. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (cleaned up). When considering a motion to dismiss, courts "accept the allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 307 (7th Cir. 2021) (cleaned up). But "allegations in the form of legal conclusions are insufficient," as are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Def. Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

Leech is pursuing her disability discrimination claim under the ADA. There are two ways to establish liability under the ADA for discrimination: failure to accommodate or disparate treatment. *See Scheidler v. Indiana*, 914 F.3d 535, 541 (7th Cir. 2019). Both theories of liability

---

[1] As discussed in the accompanying text, Leech's gender and sexual-orientation-based retaliation claims survived the previous motion to dismiss, and she was granted leave to file a second amended complaint to cure the deficiencies in her failure-to-accommodate disability claim. *See* 9/10/2021 Order at 4-5 ("Leech has failed to plead a crucial piece of her failure-to-accommodate claim—that she requested an accommodation. The trickle of new facts in her response brief keeps alive the possibility there is more to this story. She will therefore be permitted to replead, and in doing so, she should include those facts and any others that might buttress her failure-to-accommodate theory."). Leech has, however, added certain facts in her second amended complaint that, based on the heading they fall under, purportedly support a disability-based retaliation claim. *See* Second Am. Compl. ¶¶ 33, 34. The District has not moved to dismiss that disability retaliation claim, however. It has only moved to dismiss "Count I within the [second amended] Complaint," Mot. to Dismiss, ECF No. 47, which the Court construes as moving to dismiss the two distinct claims of failure to reasonably accommodate and discriminatory termination.

require a plaintiff to be a "qualified individual with a disability." *Id.*; *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014); *Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 683, 685 (7th Cir. 2014). To be qualified, the employee must be "capable of performing the job's essential functions with or without reasonable accommodation from an employer." *Brumfield v. City of Chicago*, 735 F.3d 619, 632 (7th Cir. 2003). Whether an individual is qualified for their position is determined "as of the time of the employment decision." *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 563 (7th Cir. 1996).

The District contends that Leech isn't a qualified individual because the accommodations she seeks would excuse her from working rather than enable her. "Not working is not a means to perform the job's essential functions. An inability to do the job's essential tasks means that one is not qualified; it does not mean that the employer must excuse the inability." *Byrne v. Avon Products, Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). Employers, thus, may treat regular attendance as an essential function of a job, and performance of that function would then be required for an individual to be qualified under the ADA. *See Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 479 (7th Cir. 2017). "The ADA is an antidiscrimination statute, not a medical leave entitlement." *Id.* Therefore, the ADA does not require employers to extend a months-long medical leave to an employee who cannot work, nor does it require employers to extend indefinitely an absence that has already lasted 90 days. *Id.* at 481-82. While "intermittent time off" or a short, weeks-long absence may be appropriate in some cases, "inability to work for a multi-month period removes a person from the class protected by the ADA." *Id.* at 481.

Even considering the added allegations in the SAC, the District has it right in asserting that Leech has not plausibly alleged that she is a qualified individual under the ADA. She does not plead that she requested use of her sick days or some other accommodation prior to disappearing for 90 workdays. Nor has she alleged that she could have returned to work if the District had for some reason excused her 90-day absence, let alone an anticipated date by which she expected to work regularly again. And according to the SAC, Leech did not request use of her sick days or any extended leave until the time of her termination—after she had already missed 90 consecutive days of work.[2] Again, the ADA does not require employers to accommodate disabilities by excusing an indefinite or months-long inability to work, especially retroactively, after the individual has been terminated for not showing up. That is far from the interactive process between employee and employer that the ADA contemplates.

Because Leech is not a qualified individual under the ADA, Leech does not have a plausible claim under either ADA liability theory. But even if she were a qualified individual, her requested accommodations were not reasonable. They were unreasonable for the same reason outlined above: they did not enable her to perform her job. "Reasonable accommodations are . . . adjustments to the work environment, or to the manner or circumstances under which the position held . . . is customarily performed, that enable a qualified individual with a

---

[2] It is not clear what practical difference there is in terms of a reasonable accommodation between allowing Leech to use accumulated sick days to make up for the absence beyond 90 days and just excusing that extended absence regardless of sick days. Leech does not allege that the District permitted other, non-disabled employees to apply unused sick days to excuse absences beyond the 90-day limit.

disability . . . to perform the essential functions of that position." *Reeves*, 759 F.3d at 701. It is well settled in the Seventh Circuit that a "long-term leave of absence cannot be a reasonable accommodation" because, rather than providing a means by which a disabled individual can work, leave of such an extended nature effectively excuses an inability to work. *Severson*, 872 F.3d at 481; *Byrne*, 328 F.3d at 380-81. While leave of a few weeks may in certain cases reasonably accommodate someone with a disability and who is otherwise capable of performing the job, requiring employers to permit months-long—and indefinite—leave is "plainly not a reasonable accommodation." *McAllister v. Innovation Ventures, LLC*, 983 F.3d 963, 972 (7th Cir. 2020) (citation omitted) (holding that four months, rather than two to four weeks, is too long). "Such prolonged leave effectively excuses [the plaintiff's] inability to work, which the ADA does not require of employers." *Id.* Similarly, the Seventh Circuit has regularly held that accommodations requiring the reassignment of essential job functions are unreasonable because the helper, rather than the disabled employee, is the one performing the job's essential tasks. *See Lenker v. Methodist Hosptial*, 210 F.3d 792, 796-97 (7th Cir. 2000); *Peters v. City of Mauston*, 311 F.3d 835, 840 (7th Cir. 2002); *Miller v. Illinois Dep't of Transp.*, 643 F.3d 190, 199 (7th Cir. 2011).

As for the District's denial of Leech's request for a back-up assistant to provide classroom coverage, that similarly would not have enabled her to attend to her work in the classroom. Rather, it would have required the District to employ a helper to perform the essential function of presence in the classroom supervising students.

\*     \*     \*

For the foregoing reasons, the District's motion to partially dismiss Leech's complaint with prejudice is granted. Her failure-to-accommodate and unlawful termination disability claims are dismissed. Leech may proceed with her retaliation claims.

Dated: September 29, 2023

John J. Tharp, Jr.
United States District Judge